[Local Law.]

## Mason and Another, Plaintiffs in Error, *against* Matilda and Others, Defendants in Error.

On the construction of the statute of Virginia, emancipating slaves brought into that State in 1792, unless the owner removing with them should take a certain oath within sixty days after such removal, the fact of the oath having been taken may be presumed by the lapse of twenty years, accompanied with possession.

This cause was argued by Mr. *Sampson* and Mr. *Lear* for the plaintiffs in error, and by Mr. *Jones* and Mr. *Key* for the defendants in error.

Mr. Justice JOHNSON delivered the opinion of the Court.

This cause comes up on a bill of exceptions from the Court held for Washington county, District of Columbia, in which Matilda, a negress, brought suit in behalf of herself and her three children, to receive their freedom.

The material facts in the cause are these : One James Craik, through whom the plaintiffs in this Court make title, some time in the year 1792 brought Matilda from the State of Maryland into Fairfax county in Virginia, and there settled and resided until his death, in all about two and twenty years.

During this time, the three children of Matilda were born, and the whole continued to be held by him in slavery during his life, and at his death were bequeathed to his wife, who bequeathed them to the wives of Moer and Mason.

The whole time which elapsed from the bringing of Matilda into Virginia to the commencement of this suit, was thirty years.

By the laws of Virginia, a slave brought into that State in 1792, became free after the lapse of one year ; but to the act on this subject is subjoined a proviso, that it shall not extend to " those who may be inclined to remove from any of the United States, and become citizens of this State, if within sixty days after such removal, he or she shall take the following oath before some justice of the peace of the commonwealth," and then the oath is set out *in extenso*.

On the trial, the defendants below could not produce positive testimony that the oath had been taken according to law ; but after proving that the magistrates of the county at the time of Matilda's removal, were all dead, and the continued possession of the family from that time to the institution of the suit, they contended that the cause should go to the jury, under a charge that, from the circumstances so given in evidence, the jury might presume that the oath had been taken in the prescribed time.

This the Court refused, and charged the jury in terms purporting the contrary doctrine, upon which the jury found a verdict for the plaintiffs below.

In the argument, two questions have been examined: 1st. Whether such a presumption might legally be raised from length of time and circumstances? 2. Whether it could be raised, as against the children of Matilda, who, during the greatest part of the time, had been in a state of infancy?

It is a relief to us to find that there has been an express adjudication on both these points. The case arises under a Virginia statute, and, in the Court of Appeals in that State, it appears that both questions arose in the case of *Abraham v. Matthews*, (6 *Mun.* 159.) and were decided in favour of the master of the slave. The Court, in that case, decides, that the fact of having taken the oath required, and in the time required, may be presumed after a lapse of twenty years, accompanied with possession. The language of the Court is, "that it may be presumed so as to throw the *onus probandi* on the opposite party;" and this has been considered in argument as an absurdity. In its literal sense it is an absurdity, but in the sense of the Court it is far otherwise; it can only mean that the presumption must be repelled by conflicting evidence, or the jury may legally found their verdict upon it.

The infancy of Abraham was also insisted upon in that case as a circumstance to repel the presumption, but overruled. And that case was a stronger one on the effect of infancy than the present; for here the rule "*partus sequitur ventram*" must take effect. The three children of Matilda claim their freedom on the supposed emancipation of their mother; but their mother did not, and could not, set up the circumstance of infancy in herself.

It has been supposed that the case of *Garnett v. Sam and Phillis*, (5 *Mun.* 542.) decided in the same Court the year before that of Abraham, conflicts with the latter, and leaves the law unsettled.

If there was such conflict, it is obvious that the latter decision is the superior authority; yet we admit that such incongruity, if it existed, would sanction this Court in hesitating on the question whether the law was settled.

1827.

Mason
v.
Matilda.

But there is no inconsistency between the two cases; the same principle is admitted in the first, and asserted in the last.

The instruction moved for in the case of *Sam* and *Phillis.* was, " that the master, in order to entitle himself to the benefit of the proviso, must show that he had taken the oath prescribed and required by law."

Now, although upon the face of it this would seem to import positive proof, yet the Court take a different view of its meaning; for they observe " that the right of freedom *prima facie* acquired, could only be obviated by evidence adduced to show, or by *circumstances authorizing a presumption,* that such an oath had been taken, and that the terms of the instruction asked, in that case, were broad enough to include the latter description of evidence as well as the former."

This contains a distinct admission, that the master is not restricted to positive proof, and that a presumption of the material fact, that of the oath, resulting from circumstances, may be equivalent to positive proof.

It has been argued that this presumption should be repelled by the ignorance, impotence, and continued state of duress in which the plaintiffs below must necessarily have continued from their state of bondage. But this also must have been duly considered by the learned judges of the Virginia bench, since the fact equally existed in the cases which were before them.

Practically, we know that they seldom want counsellors or aid of any kind, and that the leaning of Courts and juries is very much in their favour. Where any reasonable grounds can be laid hold of to sustain a verdict in their behalf, there is reason to believe that, on questions of right, considerations of every kind in favour of freedom will always have, at least, their full weight. On the other hand, the natural repugnance of man at remaining in that state is a consideration of great weight in sustaining the presumption from lapse of time.

We think, therefore, that both the points made in argument have been decided. We are also satisfied that the de-

1827.

Lidderdale
v.
Robinson.

cisions of the Court are in perfect analogy with general principles, in the application of prescription and presumptions from length of time, and continued acquiescence of the party whose rights are implicated.

We do not deem it necessary to corroborate the Virginia decisions by comparing them with the authorities on this subject, as we are in the habit of regarding with the highest respect the decisions of the State Courts upon causes arising under their own statutes. But any one desirous of pursuing the inquiry, will find the law on this subject very well collected and digested in Mr. *Starkie's* 3d vol. of his *Treatise on Evidence*, and the 1225th page of Mr. *Metcalf's edition*.

Judgment reversed, and *venire facias de novo* awarded